Filed 7/1/25  P. v. Garcia CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ESTEVAN ARNULFO GARCIA,<br><br>    Defendant and Appellant. | E082932<br><br>(Super.Ct.No. RIF1404531)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with directions.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Sahar Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

In 2014, a jury convicted Estevan Arnulfo Garcia of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1); unlabeled statutory citations refer to this code) and found that he personally inflicted great bodily injury upon the victim (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)).  Garcia admitted that he had three prior strike convictions and three prior serious felony convictions.  (§§ 667, subds. (a), (c) & (e), 1170.12, subd. (c).)  Garcia also admitted that he had served three prior prison terms.  (§ 667.5, subd. (b).)

In 2015, the trial court sentenced Garcia to 25 years to life in state prison and imposed and stayed a term of three years for the great bodily injury enhancement.  The court also imposed and executed a five-year term for each prior serious felony conviction, and the court imposed but stayed the one-year terms for all three prior prison term enhancements.

Garcia appealed, and this court reversed the judgment in part, vacated the sentence, and remanded for a new trial regarding the prior conviction allegations. (*People v. Garcia* (Sept. 20, 2017, E064426) [nonpub. opn.].)  In the proceedings on remand, the trial court struck one of the prior serious felony enhancements and one of the prior prison term enhancements, and it found that the remaining prior conviction allegations were true.  The trial court sentenced Garcia to 25 years to life for the assault count, stayed a term of three years for the great bodily injury enhancement, imposed and executed five-year terms for each of the two remaining prior serious felony convictions, and imposed but stayed the one-year terms for the two remaining prior prison term enhancements.

2

In 2022, the trial court received notice from the California Department of Corrections and Rehabilitation (CDCR) that Garcia was serving a term for a judgment that included a prior prison term enhancement that is now invalid under section 1172.75. In December 2023, the court declined to resentence Garcia, finding that he was not eligible for resentencing under section 1172.75.

On appeal, Garcia argues that section 1172.75 applies to defendants who have prior prison term enhancements that were imposed but stayed. We agree. The California Supreme Court so held in *People v. Rhodius* (June 26, 2025, S283169) __ Cal.5th __.

## DISPOSITION

The trial court's order denying relief under section 1172.75 is reversed. The matter is remanded to the trial court with directions to recall Garcia's sentence and resentence him under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MENETREZ
J.

We concur:

RAMIREZ
P. J.


MILLER
J.

3